# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0867V

| | |
|---|---|
| WILLIAM ASH,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 25, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On July 16, 2020, William Ash filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccine he received on November 5, 2018. Petition, ECF No. 1. On May 8, 2024, I issued a ruling finding Petitioner entitled to compensation,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

following briefing by the parties. ECF No. 49. On March 5, 2025, I issued a decision awarding damages based on the Respondent's proffer. ECF No. 63.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,845.05 (representing $29,993.30 in fees plus $851.75 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 11, 2025, ECF No. 72. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 68.

Respondent reacted to the motion on July 24, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case and respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 73. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are hereby awarded herein.

Regarding the time billed, I note this case required additional separate briefing regarding entitlement. *See* Petitioner's Brief for Ruling on Record, filed Apr. 26, 2023, ECF No. 47. Petitioner's counsel expended approximately 8.4 hours drafting the entitlement brief. ECF No. 72 at 10. I find this time to have been reasonably incurred.

Petitioner has provided supporting documentation for all claimed costs. ECF No. 72 at 13-25. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $30,845.05 (representing $29,993.30 in fees plus $851.75 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

Case 1:20-vv-00867-UNJ   Document 77   Filed 08/25/25   Page 3 of 3